No. 5905.

URBAN THEURER VS. McGIBBON, ALLYN & DUBOIS ET AL.

It has often been decided by this court that a judgment creditor is not allowed by law to disregard an actual, although a fraudulent sale, and seize property held under such a title, but must resort to the revocatory action to have the sale set aside by judicial decree,

It is only in purely simulated acts, where, through deeds of transfer purely fictitious, having only the semblance of title, parties seek to screen property from seizure, under the pretense of sales, that creditors may seize directly, disregarding mere paper titles utterly void.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier,* J. *C. E. Schmidt,* for plaintiff and appellee. *Charles Louque,* for defendants and appellants.

TALIAFERRO, 'J. The defendants, being judgment creditors of Miss. Emma Lesparre, issued an execution and caused to be seized and offered for sale as the property of their debtor a lot of ground, with the buildings thereon, situated on Burgundy street, in New Orleans. The plaintiff enjoined the sale of the property, which he alleges he is the owner of by purchase of it from Miss Lesparre, the former owner of it. The defendants, in their answer to the petition for injunction, aver the sale alleged by the plaintiff is fraudulent and simulated; that no fixed and certain price was agreed upon, and that the vendor remained in possession of the property after the pretended sale and was in possession of the same at the time the seizure was made.

On the trial of the case in the court below judgment was rendered in favor of the plaintiff in injunction, making the injunction perpetual, without damages, as prayed for by the plaintiff, the defendants to pay costs.

The defendants have appealed.

The sale is one with right of redemption. Miss Lesparre being embarrassed by two mortgages resting upon her property and needing money to pay the taxes against it, effected an arrangement with the plaintiff by which she obtained money from him for these purposes. An authentic act was entered into by them, showing their contract to have been that of a sale with the right of redemption after a fixed time, if the money furnished her is not repaid. Under this arrangement Miss Lesparre was to retain possession during the time in which she had the privilege of redeeming, a certain sum being claimed by the vendee as rent.

We concur in opinion with the judge *a quo* that the parties entered into an actual contract, and that the sale was not simulated. The notary before whom the act was passed swears that, as the agent of the parties holding the mortgages on the property, he received from Theurer, the

purchaser, in cash, the sum of twenty-two hundred dollars, with which those mortgages were paid off, and that the taxes were paid out of the proceeds of the sale, which it appears was for twenty-eight hundred dollars. The testimony of Theurer, that of his book-keeper, the evidence also of Miss Lesparre and of her sister, are all clear in showing that the sale was a real one, while there is nothing shown on the other side that authorizes the conclusion that it was a simulation.

It has often been decided by this court that a judgment creditor is not allowed by law to disregard an actual though a fraudulent sale and seize property held under such a title, but must resort to the revocatory action to have the sale set aside by judicial decree. It is only in purely simulated acts where, through deeds of transfer purely fictitious, having only the semblance of title, parties seek to screen property from seizure under the pretense of sales, that creditors may seize directly, disregarding mere paper titles utterly void.

It is ordered that the judgment appealed from be affirmed with costs.